JOHN HUTTON,

*vs.*

JOSEPH BANCROFT AND SONS COMPANY AND VICTOR G. BLOEDE.

*New Castle, March T.*, 1896.

Where a bill in equity was filed in the Court of Chancery by the complainant, who was a citizen of Delaware against two respondents, one of whom was a citizen of Delaware and the other a citizen of Maryland; upon the petition of the latter, averring that the controversy was between the respondent, who was a citizen of Maryland, on the one side, and the complainant and the other respondent, who were both citizens of Delaware, on the other side, the case being in other respects within the Removal Acts, an order was made for its removal to the United States Circuit Court.

PETITION FOR REMOVAL.—The respondent, the Joseph Bancroft and Sons Company, was a corporation of the State of Delaware and the complainant was a stock-holder therein. The other respondent, Victor G. Bloede was also a holder of stock in said Company to the amount of four hundred and seventy-four shares, which it was alleged had been received by the respondent Bloede under a contract, the execution of which, together with the transfer of the said stock, had been obtained by false and fraudulent representations.

The bill prayed for a decree for the surrender of the stock, the payment to the Bancroft Company of the amount of money received by the respondent Bloede for dividends on the stock and for an injunction to restrain the respondent Bloede from assigning, transferring, or disposing of the said stock. There was also a prayer that the Bancroft Company might be restrained by an injunction from paying to the respondent Bloede any further dividends.

The bill was filed February 27, 1896, and a subpœna was issued on the same day and returned April 6th with the endorsement that the Joseph Bancroft and Sons Companyhad been served and *non est inventus* as to Victor G. Bloede.

Before the return day of the subpœna, on March 13, 1896, the respondent Joseph Bancroft and Sons Company filed its answer admitting the material allegations of the bill.

On the filing of the bill a rule was issued directed to the respondents to show cause why a preliminary injunction should not issue, returnable on March 12th following.

After the hearing of the rule, on March 24th, 1896, a preliminary injunction was granted restraining the respondent Bloede "from assigning, transferring or disposing of the said four hundred and seventy-four shares of the stock of the said Joseph Bancroft and Sons Company, issued to him as set forth in said bill" and the respondent Bancroft Company from "paying over to the said Victor G. Bloede, the sum of Thirteen Thousand two hundred and seventy-two dollars, unpaid dividends on said four hundred and seventy-four shares of stock of Joseph Bancroft and Sons Company, or any part thereof, and also from declaring or paying any further or other dividends on said stock to any person or persons whatsoever."

On the same day *L. C. Vandegrift* entered a special appearance for the respondent Bloede for the purpose of filing a petition for removal and for no other purpose whatsoever. He immediately filed his petition for removal, in which the allegations of the bill were set forth in detail, and also the prayers.

The petition further averred that the controversy was wholly between citizens of different states, "to wit: between your petitioner on the one side, who avers that he was at the time of the bringing of this suit, and still is, a citizen of the State of Maryland, and the said plaintiff, John Hutton, and the nominal defendant but real plaintiff Joseph Bancroft and

Sons Company on the other side, your petitioner averring that the said John Hutton was then, and still is, a citizen of the State of Delaware, and that the said nominal defendant but real plaintiff Joseph Bancroft and Sons Company was then, and still is, a citizen of the State of Delaware duly incorporated under its laws."

The petitioner also alleged that he was a non-resident of the state in which the suit was brought and the matter in dispute exceeded, exclusive of interest and costs, the sum of two thousand dollars, and that the suit was of a civil nature.

The petition continues thus: "That the sole matter in dispute in said suit is as to the right and title of the said Victor G. Bloede in and to the said four hundred and seventy-four shares of the capital stock of the said Joseph Bancroft and Sons Company issued and certified to him as aforesaid and his right and title in and to the dividends heretofore declared upon or hereafter to be declared upon said shares of said capital stock. That upon one side of that dispute are the said John Hutton and the said Joseph Bancroft and Sons Company parties to the above entitled suit, while upon the other side is the said Victor G. Bloede, your petitioner, also a party to said suit. That said dispute is therefore a suit in which there is a single controversy, embracing the whole suit; and your petitioner refers to the Bill filed by the said plaintiff in this cause, and the Answer thereto of the said Joseph Bancroft and Sons Company, likewise filed in this cause, and prays that said Bill and Answer may be taken as part of this petition."

The petitioner entered bond with surety and prayed the Court to proceed no further in the suit, except to make an order for removal.

*Benjamin Nields* and *William S. Hilles*, for complainant.

*W. C. Spruance* for respondent, Jos. Bancroft & Sons Co.

*L. C. Vandegrift*, for respondent, Victor G. Bloede.

THE CHANCELLOR, having read and considered the papers in the cause, and the petition for the removal, and it appearing from said petition that the suit was of a civil nature, being a bill in equity for the surrender and cancellation of certificates of stock and an injunction against the payment of dividends thereon; and that the controversy was wholly between citizens of different states, that is to say, between the petitioner, one of the respondents on the one side and the complainant and the other respondent on the other side, the latter, though joined as a respondent in the bill, being in fact identical in interest with the complainant, and both citizens of Delaware; and it further appearing from the petition that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars; he was of opinion that the case was within the statute providing for the removal of causes from the state courts to the United States Circuit Court, and, having approved the bond filed with the petition, made an order for the removal.

The following order was entered:

"And now, to wit, this Seventh day of April, A. D. 1896, the petition of the defendant, Victor G. Bloede, for the removal of said cause to the United States Circuit Court for the District of Delaware, having been read and considered, and it appearing to the Court that there has been filed with said petition a sufficient bond according to law, it is thereupon upon motion of Lewis C. Vandegrift attorney for said defendant ordered by the Court that the prayer of said petition be and the same is hereby granted, and that the said cause be removed to the said United States Circuit Court.